(C.D. 2312)

Yale Sales Co.
James G. Wiley } v. United States

United States Customs Court, Third Division

(Decided January 22, 1962)

*Lawrence & Tuttle* (*Edward N. Glad* of counsel) for the plaintiffs.
*William H. Orrick, Jr.*, Assistant Attorney General (*Richard E. FitzGibbon*, trial attorney), for the defendant.

Before JOHNSON, DONLON, and RICHARDSON, Judges

RICHARDSON, Judge: The importations in this case consist of various precision tools and gauges, imported from England at divers times between April 1952 and February 1956. These importations were the subject of appeals for reappraisement in this court, wherein it was held upon a stipulation that cost of production was the proper basis of valuation of the merchandise and, further, that, as to the merchandise which was appraised at the unit values, less 25 per centum, less 2½ per centum, plus export packing, the values thereof were the unit values, less 33⅓ per centum, less 2½ per centum, plus export packing, and that, as to the merchandise which was appraised at the unit values, less 20 per centum, less 2½ per centum, plus export packing, the values thereof were the unit values, less 25 per centum, less 2½ per centum, plus export packing, *Yale Sales Company et al.* v. *United States*, 41 Cust. Ct. 576, Reap. Dec. 9251.

Nine of the entries involved in these reappraisement appeals are covered by the instant protest, which raises the question as to whether the judgment of this court, sitting in reappraisement in *Yale Sales Company et al.* v. *United States, supra*, was adhered to by the collector with respect to these nine entries, in connection with the ascertainment and liquidation of duties thereunder.

The merchandise was entered at various unit prices to which was added, in most instances, an advance equal to 20 per centum of the unit price. (In some cases, the importer entered an advance equal to 10 per centum of the unit price. In these cases, the appraiser increased the advance to 20 per centum of the unit price. No question was apparently raised, however, to the appraiser's action in this respect.) The point of dispute between the plaintiffs and the collector centers about the application of the trade discounts, as determined by this court in the reappraisement appeals (33⅓ per centum and 25 per centum, respectively), to those unit prices to which had been added the aforementioned advance, as well as to those unit prices which had not been so advanced.

The collector interpreted the mandate of the reappraisement decision to apply only to those unit prices which had not been advanced as aforesaid. Consequently, in the ascertainment and liquidation of duties, the collector allowed the trade discounts, as determined by this court in reappraisement, only against those unit prices which had not been so advanced. As to those unit prices that had been increased by the 20 per centum advance, the collector computed duties on the basis of the trade discounts allowed by the appraiser (25 per centum and 20 per centum, respectively). On the other hand, plaintiffs interpret the directive of this court in *Yales Sales Company et al.* v. *United States, supra*, to be applicable to all of the unit prices, irrespective of the advance in some of the unit prices.

All of the invoices which were before the court in reappraisement are before us now in connection with the entries under protest. We have examined them and are satisfied that the advance was listed on the invoices at the time the merchandise was entered, along with the unit prices and the trade discounts contended for by plaintiffs upon entry (33⅓ per centum and 25 per centum, respectively). We also note thereupon that the appraiser acknowledged the existence of this advance on all of the invoices as being against only some of the unit prices, when, as against all of the unit prices, he modified the trade discounts to the amounts of 25 per centum and 20 per centum, respectively. Typical of such acknowledgment on the part of the appraiser is his findings, which are set forth at the foot of the invoice on entry No. 7467, as follows:

Items (A) appraised at the unit values noted in column 11, plus 20% advance, balance of items at the column 11 unit values; all less 25% trade discount, less 2½% cash discount, plus export packing item (X).

AM.

Inasmuch as the judgment of this court in reappraisement modifies only the trade discounts allowed by the appraiser and restores them to the levels contended for by plaintiffs, leaving intact all other findings made by the appraiser, it would seem that the court, in reappraisement, regarded the 20 per centum advance as being an integral part of the unit price against which the trade discounts were to be taken, in order to arrive at the proper dutiable value of the merchandise on the cost of production basis. Moreover, at the trial of the instant protest, counsel for the parties submitted the instant case to this court for determination upon a stipulation, which reads as follows:

Mr. Glad: * * *

*　　　*　　　*　　　*　　　*　　　*

Therefore, I now offer to stipulate that when counsel stated in their previous stipulation the unit values in the above reappraisement stipulation, they intended thereby to include therein those unit values expressed on the invoices as unit values, plus 20 per cent.

Mr. FitzGibbon: That is agreed.

Accepting this stipulation as a statement of fact, and being ourselves of the opinion that the record before us amply supports such statement of fact, we find and hold that the unit values referred to and mentioned by this court, sitting in reappraisement in *Yale Sales Company et al.* v. *United States*, 41 Cust. Ct. 576, Reap. Dec. 9251, as to which trade discounts of 33⅓ per centum and 25 per centum, respectively, were held applicable, were intended to and did apply to and include those unit values stated on the invoices covered by the entries in the instant protest, which had been advanced by 20 per centum of the unit price either at or prior to the time of entry, or at

and during the time of appraisement.  Judgment will be rendered accordingly, sustaining the protest to the extent indicated.  As to all other claims and as to all other merchandise, the protest is overruled.